EDGAR F. COPELAND *vs.* BOSTON DAIRY COMPANY.

Franklin.     September 19, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Agency. Milk. Evidence,* Admissions, Burden of proof.

In an action by a farmer against a milk dealer for the price of milk sold and delivered, it appeared that one M., who was paid by the defendant and not by the plaintiff, collected the milk in cans from the plaintiff and other farmers, and kept an account of the milk taken by him from each farmer in a book appropriately ruled to cover a month, and at the end of each month sent it to the defendant and received it back in a sealed envelope containing the defendant's checks for the amount due to each farmer for the milk delivered. The judge ruled that M. was not an agent of the defendant whose entries would bind the defendant, but admitted in evidence the covers of the books and the pages in each which were headed by the plaintiff's name, to assist the jury in determining the amount of milk received by the defendant, instructing them that if the books came to the attention of the defendant it was a question for the jury whether or not the defendant acquiesced in the correctness of the entries. *Held,* that the judge well might have submitted to the jury the question whether M. was the agent of the defendant, and that the defendant was not aggrieved by the rulings, which were sufficiently favorable to him.

In an action for the price of milk sold and delivered, where the burden is on the plaintiff to show that the milk furnished by him was of the quality required by R. L. c. 56, § 56, the plaintiff need not show that an analysis of the milk has been made, but may be found to have sustained the burden of proof if he shows the nature of the herd of cattle owned by him, the manner in which they were fed, that no water or foreign substance was added to the milk, and that it was of good quality and not skimmed.

LATHROP, J.     This is an action of contract on an account annexed, for milk sold and delivered by the plaintiff to the defendant in March and April, 1900. When the case was last before us, it was held that the burden of proof was on the plaintiff to show that the milk delivered by him was up to the standard prescribed by the R. L. c. 56, §§ 56, 57, and the case was sent back to the Superior Court for a new trial. *Copeland* v. *Boston Dairy Co.* 184 Mass. 207. The case was subsequently tried in the Superior Court, a verdict was again returned for the plaintiff, and the case is before us on the defendant's exceptions.

1. The plaintiff is a farmer in Colerain, and the defendant is a milk dealer in Charlestown. One Miner collected the milk in

cans from about a dozen farmers, among whom was the plaintiff, and delivered the cans to one Williams at the railroad station in Greenfield, where they were placed in a car under the charge of Williams and brought to Boston. Miner kept an account of the milk taken by him from each farmer, in a book appropriately ruled to cover a month, with a separate page for each farmer supplying the milk. At the close of each month this book, with the entries made in it, was taken by Miner to Williams, who took it to the defendant. Later, Williams brought back the book, enclosed in a sealed envelope addressed to Miner, and the envelope contained a check of the defendant for the amount due from it to each farmer whose milk Miner delivered. There was also evidence that Miner was paid by the defendant and not by the plaintiff; and while the judge ruled that Miner was not an agent of the defendant whose entry in the books would bind the company, he admitted in evidence the covers of the books mentioned and the pages in each headed by the plaintiff's name, to assist the jury in determining the amount of milk the defendant received. The judge further instructed the jury that if the books came to the attention of the defendant it was for the jury to consider whether there was or was not an acquiescence on the part of the company in the correctness of the entries.

We are of opinion that the rulings were sufficiently favorable to the defendant. Indeed, on reading the evidence we should have been better satisfied if the question whether Miner was the agent of the defendant had been submitted to the jury; but the defendant is not aggrieved by the rulings made.

2. The next question arises upon a portion of the judge's charge. The defendant requested the judge to instruct the jury that the plaintiff could not recover unless there was proof by a fair preponderance of the evidence of the actual presence in the milk delivered of the fats and solids required by law. This instruction was given by the judge, but he added: "It is not necessary that he establish that presence by having an analysis made of the milk before he delivers it or at any time. If you are satisfied in other ways of the actual presence of the necessary percentage of solids, the plaintiff would be entitled to recover." The defendant excepted to the addition made by the judge.

We are of opinion that it is not necessary in an action for the price of milk to show that an analysis of the milk has been made. To make an analysis of every can of milk sold would be practically impossible, and there is no law requiring it. There was evidence in this case of the nature of the herd of cattle owned by the plaintiff, the manner in which they were fed, that no water or foreign substance was added to the milk, and that the milk furnished was of good quality and was not skimmed. Indeed, the defendant's president, in a letter to the plaintiff, dated April 5, 1900, while complaining that the milk had been watered, said: "The samples taken from your cows were found to be up to the standard, and the best we have ever taken from one herd."

There was much conflicting evidence on the question whether the milk was watered. The jury by its verdict has determined this question in the negative; and no question of law arises in regard to it.

*Exceptions overruled.*

*F. L. Greene,* for the defendant.

*D. Malone,* (*C. N. Stoddard* with him,) for the plaintiff.